**UNITED STATES of America ex rel. James WHITING, Appellant,**

v.

**Alfred T. RUNDLE, Superintendent, State Correctional Institution, Graterford, Pennsylvania.**

No. 16806.

United States Court of Appeals Third Circuit.

Submitted on Briefs Jan. 9, 1968.

Decided Feb. 7, 1968.

Gerald McLaughlin, Circuit Judge, dissented.

James Whiting, pro se.

Welsh S. White, Asst. Dist. Atty., Arlen Specter, Dist. Atty., Philadelphia, Pa. (Alan J. Davis, Asst. Dist. Atty., Chief, Appeals Division, Richard A. Sprague, First Asst. Dist. Atty., Philadelphia, Pa., on the brief), for appellee.

Before McLAUGHLIN, FREEDMAN and SEITZ, Circuit Judges.

## OPINION OF THE COURT

### PER CURIAM.

Appellant is serving a life term for murder imposed by the Pennsylvania State Court after the entry of a plea of guilty on his behalf by his attorney. He appeals from a denial of a writ of habeas corpus in the District Court. In his petition below he alleged, inter alia, that his plea was not intelligently made because he consented to plead guilty to murder in the Pennsylvania Court without being advised either by the court or his counsel as to an important consequence thereof, viz., that because he had previously been convicted of murder, a second such conviction rendered applicable the life sentence provision of the Pennsylvania Recidivist Statute. Act of June 24, 1939, P.L. 872, § 701, 18 P.S. § 4701. The appellant asserted other claims of violation of his constitutional rights. All these matters were first asserted in state court post-conviction proceedings and rejected without a hearing. The appellate court affirmed.

The District Court also denied relief without a hearing. The order of the District Court granting a certificate of probable cause shows that the judge in denying the writ had in effect made factual findings, contrary to the allegations of the petition, based on the records of the state court proceedings rather than on a complete evidentiary record. We think this procedure was not permissible in view of the issue tendered and in the light of Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), and United States ex rel. Darcy v. Handy, 203 F.2d 407 (3rd Cir. 1953); 28 U.S.C. § 2254, as amended by Act of November 2, 1966, 80 Stat. 1105.

The matter must be remanded to the District Court for an appropriate determination, which should include a decision concerning the issue of exhaustion of state court remedies. See United States ex rel. Singer v. Myers, 384 F.2d 279 (3rd Cir. 1967).

The judgment of the District Court will be reversed.

GERALD McLAUGHLIN, Circuit Judge (dissenting).

It is clear to me that the District Court is correct in its finding that no hearing on the application for habeas corpus in this case is required on the record thereof. I would affirm the judgment of the District Court.